Scott, J. The demurrer to the defendant’s plea in abatement was correctly overruled. The affidavit was .clearly insuffiient, and its variance from the writ, set up by the plea, was but a substantial assertion of this insufficiency. The statute provides for an affidavit that is in perfect harmony and accordance with the writ and declaration in each given case, and no affidavit, other than one in strict conformity to the statute, can be recognized as sufficient. In most cases this want of sufficiency may be as well presented and exemplified by an allegation of substantive variance from the writ, or writ and declaration, as by an Allegation of specific irisufliciency: indeed, such' substantial variance and specific insufficiency will, in many cases, as in the present,'be, in effect, but reciprocal1 or. convertible terms. {This remedy, like all'of the class which changes possession of property before the defendant has had an ‘opportunity to be heard in a court of justice, is' strongly in derogation- of common right, and, although its operation will be often beneficent, it will be perhaps as often found an' instrument of injustice and oppression, and' possibly sometimes a means of irreparable mischief, and, according to well settled rules, it must, so far as the plaintiff is concerned, be kept strictly within the provisions of the statute, which creates and qualifies it. - More latitude, however, is allowed the defendant, springing from the reason of the same rule, which inculcates strictness as to the plaintiff, and so also as to the proceedings authorized by the twentieth section,' {Digest-, p. 538,) as. these contemplate no change of possession until after the defendant has been allowed an opportunity to be heard, and has had his rights' passed upon “by the-judgment of his peers or the laws of' the land.” And the provisions of this section manifest- still more plainly the intention of the Legislature that the prescribed affidavit and bond required by the sixth and and seventh sections shall be Indispensable prerequisites tó a proceeding contemplating a change of the possession of the -property in the commencement of the suit. When the declaration is for “forcible entry and detainer,” and the plaintiff elects to adopt that mode of proceeding which will dispossess the defendant at the commencement of the action; as in the"'case before us, the affidavit must- not only state that “the plaintiff is lawfully entitled to the possession of the lands, tenements, or other possession, mentioned in the complaint, but also : that the'defendant forcibly entered upon and detains the same after lawful demand made therefor.” In this case the affidavit is fatally variant from the writ in not stating that the defendant “forcibly entered” upon, as well as unlawfully detains the premises in question. .Had the action been for “unlawful de-tainer,” the affidavit would have been sufficient, and would not have been variant from a proper declaration and writ in such case. Nor did the court below err in the judgment for costs and restitution upon the overruling of the demurrer and the plaintiff saying nothing further. Restitution was properly awarded, that the parties might be placed in statu quo, leaving their rights to be settled by law in future proceedings at the election of the parties. (See Fleman et al. vs. Horen et al., 3 Eng. 355, and the cases there cited.) Had this not been done, the plaintiff would have profited by his own omissions and wrong, and the process of the court would have been abused and perverted to purposes of injustice. Finding no error in the record, the judgment of the court below must be affirmed with costs.